Turley J.,
delivered the opinion of the court.
This bill is filed to correct a judgment of the circuit court of the county of Marshall.
It appears from the pleadings and proof in the case, that the Bank, on the 31st day of August, 1842, instituted a suit in the circuit court of Marshall county, against the defendants, as the endorsers of a dishonored promissory note, for the sum of three hundred dollars; that to this action the defendants pleaded non-assumpsit, payment and set-off; to which there were replications and issues. It appears from the record of the case in said circuit court, that it was tried by a jury at the January term, 1843, who returned a verdict in favor of the plaintiff for the sum of one hundred and twelve dollars damages, for which sum judgment was given, there being no application for a new trial and no appeal. .
The grounds upon which this judgment is sought to be cor *368 rected, is, that the amount for which it was rendered is too small, and that this error was produced by the mistake of the clerk in entering it; that although it appears that the damages were assessed by a jury, empanneled to try the cause; yet, in point of fact, no such jury was empanneled, and no verdict was ever returned, but that the judgment was intended to be entered by nil dicit, the parties agreeing upon the amount of damages, and the defendants abandoning their defences; but that the clerk, in pursuance of a practice in that court, entered the judgment as upon the verdict of a jury, instead of by nil dicit.
The clerk of the court proves, that it had been the usual practice of that court, to enter judgments in cases in which there was no litigation, upon the minutes of the court, as of a jury, making the entries thereof to appear as though a jury had actually been empanneled, when in fact, no jury had been sworn: That from the examination of memoranda kept of each day’s work, it appears that the judgment was rendered as of a jury, there not having been one empanneled in the cause.
The attorney for the Bank proves, that when the cause vims regularly reached for trial, it was not pretended by the defendants, or their attorney, that they had any real defence to make tq the suit, or that they were not bound to pay the amount mentioned in the note and interest thereon; but is not certain that there was any formal agreement between himself and the attorney for the defendants, as to the precise amount for which the judgment should be rendered; but that he is confident that there is a mistake in favor of the defendants, for two hundred dollars, in the judgment, and also that no jury was empanneled. Now, upon this proof, can a court of chancery rectify the mistake which is charged to have occurred in the rendition of the judgment? We think most clearly not.
The judgments of courts of record are of such high verity, *369 that their existence cannot be impeached by parol proof; they may be vacated and set aside, if they have been obtained by fraud, inevitable accident, or surprise, when the party seeking to set them aside, is in no default himself; but we know of no instance in' which they have been contradicted and falsified by proof aliunde; to permit this would be exceedingly dangerous. They are the highest and most solemn evidences of the rights claimed under them, and to permit them to be attacked by parol proof, with a view of showing, that they do not speak the truth in relation to the matters contained in them, would be necessarily to endanger, in a very high degree, the certainty and permanency of all civil rights: a man would never know when a controversy affecting them was finally ended.
Records of courts are of such high dignity, that they alone can prove themselves, no other testimony whatever being admissible for that purpose; they are, therefore, kept with the greatest possible care by men appointed to office, acting under the solemn sanction of an oath. The judgments rendered in them are spread upon the minutes of the court rendering them every day, which are daily read to the judge who gave them, and signed by him. This is done with the view, that if any thing be therein stated to have been done, ordered or adjudged, which was not, it may be forthwith corrected; and in addition to all this, the whole proceedings are required to be duly enrolled by the proper officer in a book kept for that purpose. All this solemnity is for the express purpose of keeping them true; and to avoid the dangerous necessity of either sustaining or dismissing them by parol evidence.
Now, how is this case? A judgment has been entered upon the minutes of the court, which are required by law to be kept; it is entered by the clerk, and by this entry it appears to have been upon the finding of a jury; these minutes have been read to the judge of the court who gave the judgment, whose duty it was to have carefully superintended them, and *370 prevent them from speaking falsely: and we are bound to presume that he did his duty. This he could not-have done, if he permitted the clerk to enter a judgment as upon the finding of a jury, when no jury was empanneled. Here then we have this solemn evidence of the existence of this judgment, rendered upon the verdict of a jury; and now it is sought to be rebutted by the oath of the clerk, that he finds from memo-randa kept by himself, of the day’s proceedings, that no jury was empanneled. Can it be possible to suppose that rough minutes of the clerk shall cpuntervail the true minutes of the court, the recollection of the clerk, the solemn attestation of the judge? If they can, truly judgments have lost their sanctity.
The testimony of the attorney proves nothing, but that he is confident, that there is a mistake in the amount for which the judgment was rendered in favor of defendants, and that there was no jury empanneled. This confidence of the attorney can no more weigh against the existence of the judgment, as it appears to have been rendered, than can the rough minutes and recollection of the clerk.
We must then take it, that the judgment was rendered as it purports to be, upon the verdict of a jury. This being a fact, the mistake was the mistake of the jury; and that not induced by fraud, inevitable accident, or surprise, and the only remedy was by motion for a new trial, which the plaintiff neglected to make, and for the not doing of which, there is no other excuse, than that the minutes were not examined, and the mistake, therefore, not discovered until it was too late to rectify it. This is the neglect of the plaintiff. We have not deemed it necessary to enter into an examination of the cases in which a court of chancery will relieve against judgments obtained by fraud, accident, surprise or mistake, because it would be almost interminable, and because it is not necessary for this case, in as much as in all the cases in which such relief *371 is granted, the existence of the judgment, and the verity of what it speaks, is not brought into controversy, but it is considered, that to enforce it is iniquitous .and unjust'; because it has been obtained by fraud, or when the opposite party was not prepared for trial; by inevitable accident, or other cause, by reason of which he has been prevented from having a fair trial, and without his own default; in which cases, either a new trial is granted, or the judgment enforced as the case may be.
It is not denied that cases may be found where relief has been granted in chancery against judgments at law, which have been rendered contrary to the rights of the parties, where there was neither accident nor surprise on the part of the defendant, but a mistake on the part of the court, as to the right of the case. But these cases will be found, to be cases in which the court either had no jurisdiction, or the proceedings were of a summary nature; indeed in the latter class the jurisdiction of the court to grant such relief, is, to say the least of it, of doubtful propriety, but in this class of cases, the judgments are not falsified, bnt relieved against.
But we do unhesitatingly say, that no case of undoubted authority can be found in which a court of chancery has relieved against a judgment at law, upon the ground that the record showed a different form of judgment from that which was intended to be entered by the parties to it, and that if it had been otherwise entered, a mistake in the amount might have been corrected, which cannot be from the form used, and which precludes such a correction.
We, therefore, reverse the decree of the chancellor rendered in this case, and dismiss the complainant’s bill with costs.